UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

| | | |
|---|---|---|
| _____ | * | |
| | * | |
| BRANDON COOPER, LOUIS | * | |
| DAVENPORT, RON GATLIN, KENNY | * | |
| SWATT, STEPHEN ZERINGUE, and | * | |
| WILLIAM PITZER, | * | |
| On Behalf of Themselves and All Other | * | |
| Similarly Situated Individuals, | * | |
| | * | |
| | * | |
| PLAINTIFFS | * | CIVIL ACTION NO._____ |
| | * | |
| VS. | * | |
| | * | SECTION _____ |
| KATHY KLIEBERT, Secretary of the | * | |
| Louisiana Department of Health and | * | |
| Hospitals, in her official capacity, and the | * | JUDGE_____ |
| DEPARTMENT OF HEALTH AND | * | |
| HOSPITALS, | * | |
| | * | MAGISTRATE JUDGE_____ |
| | * | |
| DEFENDANTS | * | |
| _____ | * | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR CLASS CERTIFICATION**

## I.    INTRODUCTION

Plaintiffs, Brandon Cooper, Louis Davenport, Ron Gatlin, Kenny Swatt, Stephen Zeringue, and William Pitzer are persons with a mental illness who have been found Not Guilty by Reason of Insanity (NGRI) of a criminal offense but, despite that finding, continue to be incarcerated and are under continuing threat of re-incarceration in correctional facilities in Louisiana. They bring this civil rights action under 42 U.S.C. § 1983 and federal statutes barring discrimination on the basis of disability, on behalf of themselves and all other similarly-situated persons. They seek a declaratory judgment and injunctive relief to enjoin Defendants' policies,

practices, and procedures, executed under color of state law, that have caused them to be incarcerated in correctional facilities in Louisiana despite an order that they be committed to a mental health facility. They contend that these policies, practices and procedures violate their rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and Title II of the Americans with Disabilities Act of 1990 ("ADA").

Plaintiffs have moved this Court for an order granting their motion to certify this action as a class action on behalf of Plaintiffs and all persons in Louisiana who are being, or who may be in the future, incarcerated in Louisiana correctional facilities after a finding of NGRI and their commitment to a mental health facility pursuant to La. Code Crim. P. art. 657.

As will be discussed in this Memorandum, this case is ideally suited to proceed as a class action because the Plaintiffs and the entire class are similarly aggrieved by Defendants' policies, practices, and procedures, exercised under color of state law, of incarcerating individuals found NGRI even after they have been found to need mental health treatment. Courts recognize that class actions are particularly appropriate in cases such as this that seek systemic reform of a governmental agency's standardized policies and practices. *See* Jones v. Diamond, 519 F.2d 1090, 1100 (5th Cir. 1975) ("[T]he 23(b)(2) class action is an effective weapon for an across-the-board attack against systematic abuse."), *disapproved in part on other grounds by* Gardner v. Westinghouse Broad. Co., 437 U.S. 478 (1978). Plaintiffs do not seek any individual relief through this action, but instead seek permanent injunctive relief and corresponding declaratory relief to remedy Defendants' policy and practice of incarcerating NGRI acquittees instead of providing them with treatment. Granting Plaintiffs' motion for class certification will resolve this suit with speed, consistency, and fairness to all parties.

## II.    STATEMENT OF FACTS

Plaintiffs, Brandon Cooper, Louis Davenport, Ron Gatlin, Kenny Swatt, Stephen Zeringue, and William Pitzer are persons with a mental illness who have been found NGRI of a criminal offense and committed to ELMHS. However, despite that finding, they have been incarcerated and are under continuing threat of re-incarceration in correctional facilities in Louisiana.

Mr. Brandon Cooper was arrested on or about December 18, 2012 and charged with 2 counts of unauthorized use of a motor vehicle. Following the appointment of a sanity commission on May 9, 2013, Mr. Cooper was adjudicated NGRI for both sentences, and was committed to ELMHS by court order on February 14, 2014. Despite the trial court's order of commitment, Mr. Cooper remains incarcerated in the St. Tammany Parish Jail.

Over the past year, DHH received at least 25 NGRI commitments from various parishes throughout Louisiana. Plaintiffs' Exhibit 1. DHH responses to public records requests show that eight of these individuals waited approximately 6 months for a bed; four individuals waited approximately 7 months for a bed; six individuals waited approximately 8 months for a bed; one person waited approximately 9 months for a bed; one individual waited approximately 11 months for a bed; two individuals waited over one year for a bed; and one individual waited one month. One individual sat in jail for close to two years after a finding of NGRI and commitment to ELMHs. Id. From DHH's data, it appears that the minimum wait time for an NGRI commitment is 6-8 months. Id.

In addition, as of March 28, 2014, the Department of Health and Hospitals (DHH) reported that they had eleven people adjudicated NGRI and committed to East Louisiana Mental Health System (ELMHS), but who are sitting in jail waiting for a bed to open. Plaintiffs' Exhibit 2.

This data is corroborated by information received from Parish jails in response to public records requests. In St. Tammany Parish, two individuals (Henry Gautreaux and Roger White) were found NGRI and committed to ELMHS in September 2013. Plaintiffs' Exhibit 5 (b). However, they were not transferred to ELMHS until April 2014. *Id.*  Another individual, Brandon Cooper, was found NGRI on February 14, 2014, and is still waiting for placement at ELMHS. *Id.* In Richland Parish, Floyd Holiday was found NGRI on February 21, 2014 and committed to ELMHS. Plaintiffs' Exhibit 6. As of April 28, 2014, he was still in the Richland Parish jail. In Lafayette Parish, Scottie Louvierre was found NGRI and committed to ELMHS on March 13, 2014. As of April 28, 2014, he was still in the Lafayette Parish jail. Plaintiffs' Exhibit 7.

## III.  THE PROPOSED CLASS MEETS THE STANDARD FOR CLASS CERTIFICATION.

A class should be certified under Rule 23(a) of the Federal Rules of Civil Procedure when:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The requirements for class certification are generally referred to as "numerosity, commonality, typicality, and adequacy of representation . . . ." DeLeon-Grandaos v. Eller and Sons Trees, Inc., 497 F.3d 1214, 1220 (11th Cir. 2007) (quoting Piazza v. Ebsco Indus., Inc., 273 F.3d 1341, 1346 (11th Cir. 2001)). In general, courts have considerable latitude in applying these factors and managing a class action. *See* Montelongo v. Meese, 803 F.2d 1341, 1351 (5th Cir.1986).

Plaintiffs seeking class certification must establish all of the elements of Rule 23(a), as well as at least one element of Rule 23(b). *See* M.D. ex rel. Stukenberg v. Perry, 675 F.3d 832,

837 (5th Cir. 2012). Rule 23(b)(2) permits class certification in cases where "the party opposing

the class has acted or refused to act on grounds that apply generally to the class, so that final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole." As set forth below, Plaintiffs here have satisfied all of the requirements of Rule 23(a)

and have established that this case is appropriate for certification under Rule 23(b)(2).

**A.      The Class is so Numerous that Joinder of All Members is Impracticable.**

Rule 23(a) requires the assessment of two components: the number of class members and

the practicability of joining all members of the class. Phillips v. Joint Legislative Comm., 637

F.2d 1014, 1022 (5th Cir. 1981) ("The proper focus is not on numbers alone, but on whether

joinder of all members is practicable in view of the numerosity of the class and all other relevant

factors."); In re Am. Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996) ("'the numerosity

requirement requires examination of the specific facts of each case and imposes no absolute

limitations'") (quoting Gen. Tel. Co. v. EEOC, 446 U.S. 318, 330 (1980)). While typically, a

class numbering more than forty members "should raise a presumption that joinder is

impracticable," there is no set number above or below which a class is considered sufficiently

numerous to make joinder impracticable. *See* Mullen v. Treasure Chest Casino, LLC, 186 F.3d

620, 624 (5th Cir. 1999) ("[T]he number of members in a proposed class is not determinative of

whether joinder is impracticable . . . ."). The class in this case is sufficiently numerous to make

joinder impracticable.

As noted above, as of March 28, 2014, the Department of Health and Hospitals (DHH)

reported that they had eleven people adjudicated NGRI and committed to East Louisiana Mental

Health System (ELMHS), but who are sitting in jail waiting for a bed to open. Moreover, during

the course of a year, at least twenty-five (25) individuals will be adjudicated NGRI and

committed to ELMHS, but will remain incarcerated for several months before finally receiving

mental health treatment at ELMHS. While these numbers alone do not create a presumption of numerosity, they are sufficient when the practicability of joinder is considered. *See* Jones, 519 F.2d at 1100.

"Practicability of joinder depends on size of the class, ease of identifying its members and determining their addresses, facility of making service on them if joined and their geographic dispersion." Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980). In particular, the inclusion of future, unknown class members will make joinder impracticable. Jack v. Am. Linen Supply Co., 498 F.2d 122, 124 (5th Cir. 1974) (where class includes "unnamed, unknown future" class members "joinder of unknown individuals is certainly impracticable.") Smaller classes warrant certification when the representatives are seeking injunctive relief on behalf of future class members. *See* Jones, 519 F.2d at 1100.

The proposed class here most certainly merits certification. Every month in Louisiana, additional individuals are being incarcerated in Louisiana parish jails following a finding of NGRI and their commitment to a mental health facility.  There are, therefore, countless unknown individuals who will be incarcerated in the future despite an NGRI adjudication and commitment to ELMHS. The class also includes individuals geographically dispersed throughout Louisiana's 64 parish prisons who, by reason of their incarceration and mental illness, are unlikely to have access to the resources necessary to bring a claim challenging Defendants' policies and practices. These factors, individually and in combination, make joinder impracticable, if not impossible. The proposed class therefore satisfies the numerosity requirement of Rule 23(a)(1).

**B.    The Class Shares Common Questions of Law and Fact.**

To satisfy Rule 23(a)(2), Plaintiffs must establish that "there is at least one issue, the

resolution of which will affect all or a significant number of the putative class members."

Lightbourn v. County of El Paso, 118 F.3d 421, 426 (5th Cir. 1997). More specifically, the class

members' claims "must depend upon a common contention . . . . [that] must be of such a nature

that it is capable of class-wide resolution – which means that determination of its truth or falsity

will resolve an issue that is central to the validity of each one of the claims in one stroke." Wal-

Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011). *See also* M.D., 675 F.3d at 840. A class

representative must further demonstrate that the class members "have suffered the same

injury." Wal-Mart Stores, 131 S. Ct. at 2551 (quoting Gen. Tel. Co. of Sw. v. Falcon, 457 U.S.

147, 157 (1982)).

Commonality is easily met in cases such as this where the central issue is clearly

identified—all class members have been found NGRI but have nevertheless remained in jail—

and Plaintiffs seek only declaratory and injunctive relief to remedy a defendant's standardized

course of conduct. Baby Neal for & by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994). *See also*

McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 672 F.3d 482, 488-92 (7th Cir.

2012) (reversing denial of class certification in disparate impact case and finding class treatment

appropriate because claims implicated company-wide policies); Corey H. v. Bd. of Educ. of City

of Chicago, 92 C 3409, 2012 WL 2953217, at *7 (N.D. Ill. July 19, 2012) (declining to decertify

class in IDEA case noting that commonality is met because plaintiffs "have attacked only

systemic failures and district-wide policies that apply to every member of the certified class . . .

."); N.B. ex rel. Buchanan v. Hamos, 11 C 6866, 2012 WL 1953146, at *9 (N.D. Ill. May 30,

2012) (commonality met "where discrimination results from a defendant's standardized conduct

toward proposed class members, such as generalized policies that affect all class members the

same way.") (quoting Ligas ex rel. Foster v. Maram, No. 05 C 4331, 2006 WL 644474, at *3

(N.D. Ill. Mar. 7, 2006); Anderson v. Dep't of Pub. Welfare, 1 F. Supp. 2d 456, 461-462 (E.D.

Pa. 1998) ("commonality is easily established in cases seeking injunctive relief."); 7A Charles A.

Wright, Federal Practice and Procedures. 1763, 226 (3d ed. 2005) ("class suits for injunctive and

declaratory relief by their very nature often present common questions satisfying Rule

23(a)(2).").

The requirement that the class representatives establish questions of law or fact common

to the class as a whole does not mean that individual differences among class members will

defeat commonality. The inquiry should focus on the uniformity of the defendant's actions or

inactions. *See* M.D. v. Perry, 294 F.R.D. 7, 28 (S.D. Tex. 2013) ("The existence of some

variations within the class or individualized defenses do not necessarily make class certification

improper."); Lightbourn, 118 F.3d at 426 (class of individuals with different disabilities

requiring different accommodations satisfied commonality requirement because all were

impacted by the same governmental inaction); Lane v. Kitzhaber, 3:12-CV-00138-ST, 2012 WL

3322680, at *10 (D. Or. Aug. 6, 2012) (differences in the needs of individuals with disabilities

does not preclude certification); Gray v. Golden Gate Nat'l Recreation Area, 279 F.R.D. 501,

508-10 (N.D. Cal. 2011) (commonality met by general policies and practices of failing to address

access barriers in ADA case despite differing types and levels of disabilities of class members).

Similarly, Rule 23(a)(2) does not require that class members' injuries stem from an identical

reason or cause. Class treatment is appropriate when plaintiffs challenge systemic practices that

cause systemic harm. McReynolds, 672 F.3d at 488-92 (class certification appropriate even if

individual employee decisions may also be a factor.)

Plaintiffs easily satisfy the commonality requirement because their claims share a single

common contention that is clearly amenable to class-wide resolution: Whether Defendants'

policies, practices, and procedures, which cause Plaintiffs and the class they represent to be

incarcerated in Louisiana correctional facilities after they have been found NGRI, violate the

United States Constitution and constitute unlawful discrimination on the basis of disability.

Resolution of this question will produce a "common answer" because Plaintiffs' claims all arise

from Defendants' standardized course of conduct: the failure to ensure that Plaintiffs are placed

in an appropriate mental health facility following an NGRI adjudication and commitment. See

also M.D. v. Perry. 294 F.R.D. 7, 26 ("a plaintiff must identify a unified common policy,

practice, or course of conduct that is the source of their alleged injury.").

Plaintiffs have also alleged common injuries - unlawful incarceration, discrimination on

the basis of disability, and denial of access to necessary mental health care – that have affected

each Plaintiff and member of the class. Plaintiffs have not requested individualized relief to

satisfy the claims presented in this case. This Court will not need to make any individualized

determinations to adjudicate the class members' claims and to grant the requested relief. The

class' injuries will be remedied through a single injunction barring Defendants from incarcerating

Plaintiffs following a finding that they need mental health services in a mental health facility or

on conditional release in the community.

"[C]ommon issues arise where 'defendants have acted, or have failed to act, uniformly

toward the proposed class based on their policies and lack of policies in place.'" Ligas, 2006 WL

644474, at *3. Plaintiffs have satisfied the commonality requirement of Rule 23(a)(2) because

they have identified common contentions, a common injury, and the common contentions are

susceptible to class-wide relief through a single injunction ordering Defendants to immediately

place Plaintiffs in mental health facilities capable of meeting their needs. *See* Perry, 294 F.R.D. at

28-29 ("establishing commonality entails two things: that there exists a common policy or

practice . . . that is the alleged source of harm to class members, and that there are common

questions of law or fact that will be dispositive of the class members' claim."). The proposed

class therefore satisfies the commonality requirement of Rule 23(a)(2).

**C.      The Claims of the Named Plaintiffs are Typical of the Class.**

The test for typicality "is not demanding." Mullen, 186 F.3d at 625. Typicality focuses on

"whether the class representative's claims have the same essential characteristics of those of the

putative class." Stirman v. Exxon Corp., 280 F.3d 554, 562 (5th Cir. 2002) (quoting James v.

City of Dallas, 254 F.3d 551, 571 (5th Cir. 2001). The test for typicality is not that the claims of

the named individuals be identical to the claims of the other class members, but rather, that the

class representatives must "possess the same interest and suffer the same injury." Gen. Tel. Co.

of Sw., 457 U.S. at 156 (citing E. Tex. Motor Freight Sys. v. Rodriguez, 431 U.S. 395, 403

(1977), quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)).

As explained more fully in supra section III (B), Plaintiffs' claims are typical of those of

the class because they all have the same interest (prompt placement in a mental health facility to

receive necessary mental health treatment and freedom from unlawful imprisonment), and have

all suffered the same injury (incarceration). Moreover, this common injury is traceable to the

same cause – Defendants' policy of refusing or failing to place Plaintiffs in mental health

facilities after an order adjudicating them NGRI and committing them to a facility for treatment..

See Jones v. Gusman, 296 F.R.D. 416, 466 (E.D.La 2013) (finding typicality where "claims arise

from a similar course of conduct and share the same legal theory") (quoting Stirman, 280 F.3d at

562). The claims of the Plaintiffs and the class clearly share the same essential characteristics.

Plaintiffs therefore satisfy the typicality requirement.

**D.      The Class Representatives and Counsel Fairly and Adequately Represent the Interests of the Class.**

To determine adequacy of representation under Rule 23(a)(4), the Court should consider

whether the named plaintiffs and the class possess the same interests. See Mullen, 186 F.3d at

625-26. The named plaintiffs are inadequate only if differences between the named plaintiffs and the class create conflicts of interest. Id. at 626. The Court should also consider "[1] the zeal and competence of the representative[s'] counsel and…[2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees." Stirman, 280 F.3d at 563 (quoting Berger v. Compaq Computer Corp., 257 F.3d 475, 479 (5th Cir. 2001)).

Plaintiffs and undersigned counsel will fairly and adequately protect the interests of the class. As explained more fully in supra Section III (B), Plaintiffs and the class possess an identical interest in preventing Plaintiffs from being incarcerated. Further, no conflicts exist between the Plaintiffs and the class, and they do not have any antagonistic or divergent interests.

Plaintiffs are committed to active participation in this litigation, and are committed to protecting their interests and the interests of unnamed class members. Id. Finally, Plaintiffs' counsel is fully qualified and prepared to pursue this action on behalf of the class. See Exhibits Declaration of Ronald K. Lospennato, and Katie Schwartzmann. The attorneys at the Advocacy Center and Roderick & Solange MacArthur Justice Center ("Justice Center) are experienced at litigating class action cases. Id. In addition, these organizations have sufficient financial and human resources to litigate this matter.

For these reasons, the adequacy requirement of Rule 23(a)(4) is satisfied.

**E.      This Action Meets the Requirements of Rule 23(b)(2).**

Rule 23(b)(2) "applies only when a single injunction or declaratory judgment would provide relief to each member of the class." Wal-Mart, 131 S. Ct. at 2557. See also M.D., 675 F.3d at 845 (holding that proposed class seeking "at least twelve broad, classwide injunctions" to be inappropriate for certification under Rule 23(b)(2)). The Fifth Circuit has interpreted the language of Rule 23(b)(2) to mean that "(1) the 'class members must have been harmed in

11

essentially the same way' . . . and (2) 'the injunctive relief sought must be specific.'" <u>M.D.</u>, 675 F.3d at 845 (quoting <u>Maldonado v. Oschner Clinic Found.</u>, 493 F.3d 521, 524) (internal citations omitted).

This case is appropriate for certification under Rule 23(b)(2) because Plaintiffs have been harmed in the same way through prolonged incarceration, discrimination, and denial of access to mental health care. Moreover, they are not seeking any form of individualized relief, but are instead seeking one injunction and corresponding declaratory relief to require Defendants to immediately place them in a mental health facility following their NGRI adjudication and commitment to ELMHS. This Court can resolve Plaintiffs' claim with a "single stroke," making certification of this class pursuant to Rule 23(b)(2) appropriate.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court certify a Plaintiff class consisting of all persons in Louisiana who are being, or who may be in the future, incarcerated in Louisiana correctional facilities after a finding of NGRI and their commitment to a mental health facility pursuant to La. Code Crim. P. art. 657. In addition, the Plaintiffs respectfully request that this Court appoint the Advocacy Center and the Justice Center as co-class counsel in this action pursuant to Rule 23(g).

Respectfully submitted this 14th day of August 2014.

<div style="margin-left:40%">

*/s/ Ronald K. Lospennato*
Ronald K. Lospennato, Bar No. 32191
Concepcion "Koki" Otero, Bar No. 29372
(Application for admission to the Middle District
pending)
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
504-208-4679

</div>

504-335-2890
rlospennato@advocacyla.org
kotero@advocacyla.org


*/s Katie M. Schwartzmann*
Katie M. Schwartzmann, Bar No. 30295
Vanessa Carroll (Pro Hac Vice Application
Pending)
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
katie.schwartzmann@macarthurjustice.org
vanessa.carroll@macarthurjustice.org


## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2014, a copy of the foregoing will be served on the Defendants with the Class Action Complaint and Summons. A copy has also been sent to Trey Phillips, First Assistant Attorney General, P.O Box 94005, Baton Rouge, LA 70804.


Ronald K. Lospennato, Bar No. 32191

13