UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADVOCACY CENTER, ET AL.                                                    CIVIL ACTION

VERSUS                                                                                    15-751-SDD-RLB

KATHY KLIEBERT, ET AL.

**** AND ****

BRANDON COOPER, ET AL.                                                     CIVIL ACTION

VERSUS                                                                                    14-507-SDD-RLB

KATHY KLIEBERT, ET AL.

## RULING

Plaintiff, Advocacy Center, moves to consolidate the two captioned matters.[1] The motion is opposed.[2] For the reasons which follow, the Court will grant the motion and consolidate the matters for discovery and trial.

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the Court, it may order a joint hearing of trial of any or all the matters in issue in the actions…

The Court has broad discretion in determining motions to consolidate.[3] Consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy. However, where consolidation would result in prejudice to the rights of either party, interests of efficiency and economy must give way. Louisiana Department of Health and Hospitals ("DHH") is the Defendant in both matters sought to be consolidated.

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 12.
[3] *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).

The Plaintiffs in both matters allege due process violations, violations of Title II of the Americans With Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Section 504"). The facts giving rise to the legal claims are distinct.

The Plaintiffs in *Cooper*[4] are individuals who have been adjudicated not guilty by reason of insanity ("NGBRI"). On the other hand, the Plaintiffs in *Jackson*[5] are pretrial detainees who have been determined mentally incapable to stand trial. In opposing the *Motion to Consolidate*, Defendant DHH argues that separate and distinct procedural rules apply to the *Cooper* Plaintiffs who have been determined NGBRI and the *Jackson* Plaintiffs who are mentally incapable pretrial detainees. Defendant concedes that the Plaintiffs in both suits make the same legal allegations but contend that "the application of those laws" to the groups of Plaintiffs "differ due to their status in the criminal process". Defendants offer no argument or legal support for this proposition, and the Court is unpersuaded. Defendants further urge that consolidation is inappropriate for the reason that the *Jackson* Plaintiffs attack the constitutionality of Louisiana's incompetency statutes,[6] a legal question which is not an issue in the *Cooper* matter. In so far as the unconstitutionality of the statutes is a legal issue, it will decided by the Court and, thus, does not present an impediment to consolidation.

Finally, Defendants argue that consolidation would "substantially hamper the rights of the Defendants".[7] The Defendants' prejudice argument is essentially a claim that consolidation of the two matters will require additional discovery which may affect the Parties' ability to comply with the pretrial deadlines existing in *Cooper*. The Court

---

[4] Civil Action 14-507.
[5] Civil Action 15-751, Rec. Doc. 1.
[6] Louisiana Code of Criminal Procedure Article 641-641.9.
[7] Rec. Doc. 137.

does not view relevant discovery as prejudicial to the Parties. The Court finds that there is a commonality of salient facts which warrant consolidation.

First, the Plaintiffs in *Cooper* and in *Jackson* have been ordered committed to the Eastern Louisiana Mental Health System ("ELMHS"). The Plaintiffs in *Cooper* are committed to ELMHS following an adjudication of not guilty by reason of insanity. On the other hand, the Plaintiffs in *Jackson* are committed to ELMHS for evaluative and restorative reasons. The Court is persuaded by the Plaintiffs' argument that, while the process and mechanism for their commitment/detention is different, the commonality, and the gravamen of the Plaintiffs' complaint in both matters, is their right to be transferred out of traditional correctional facilities to ELMHS for treatment, in a timely manner. Plaintiffs argue that, despite being ordered to ELMHS (albeit resulting from different procedures), they are not timely transferred to ELMHS and instead remain detained in traditional corrections environments, i.e. jail incarceration.

The Plaintiffs in *Cooper* stand acquitted by reason of insanity. Whereas, the Plaintiffs in *Jackson* (although charged with a crime) have been determined unable to stand trial due to mental incapacity. The allegations are that the Plaintiffs in both cases remain incarcerated despite commitment orders referring them to ELMHS.

The Court finds that common issues of fact predominate such that consolidation of these matters for discovery and trial is appropriate. Thus, Plaintiffs' *Motion to Consolidate*[8] is GRANTED.

Baton Rouge, Louisiana the 3 day of February, 2016.

SHELLY D. DICK, DISTRICT JUDGE
MIddle DISTRICT OF LOUISIANA

---

[8] Rec. Doc. 2.