UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ———————————————— | * | |
| ADVOCACY CENTER and MONICA JACKSON, | * | CIVIL ACTION |
| | * | |
| | * | NO. 3:15-cv-00751-SDD-RLB |
| PLAINTIFFS, | * | |
| | * | JUDGE DICK |
| VS. | * | |
| | * | MAGISTRATE JUDGE BOURGEOIS |
| KATHY KLIEBERT[1], Secretary of the | * | |
| Louisiana Department of Health and | * | |
| Hospitals, in her official capacity; and | * | |
| the LOUISIANA DEPARTMENT OF | * | |
| HEALTH AND HOSPITALS, | * | |
| | * | |
| DEFENDANTS | * | |
| ———————————————— | * | |

**JOINT STATUS REPORT**

**A.    JURISDICTION**

What is the basis for the jurisdiction of the Court?

**Plaintiffs:**  The Court's jurisdiction rests on 28 U.S.C. §§ 1331 and 1343.

**Defendants:**  Defendants object to this Court exercising subject matter jurisdiction over claims brought by the Advocacy Center as an associational plaintiff.

**B.    BRIEF EXPLANATION OF THE CASE**

**Plaintiffs' Claims:**  The Defendants' failure to admit to Eastern Louisiana Mental Health System ("ELMHS") in a timely manner the class of pretrial detainees remanded to Defendants' care for competency restoration ("incompetent detainees") violates Plaintiffs' rights to Due Process under the Fourteenth and Fifth Amendments and to protection from discrimination under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act.

Plaintiffs seek injunctive relief requiring that all NGRI Detainees, and incompetent detainees remanded to ELMHS for competency restoration, be admitted to ELMHS within seven days of the district court's order that they be placed at ELMHS. Plaintiffs also seek an order declaring Defendants' policies, practices, and procedures in delaying admission

---

[1] Dr. Rebekah Gee has replaced Kathy Kliebert as Secretary of the Department of Health and Hospitals.

to ELMHS to be violations of Due Process and the anti-discrimination provisions of the ADA and § 504.  Furthermore, Plaintiffs seek an order declaring that Louisiana Code of Criminal Procedure article 648(A)(2)(b)–(c) violates Due Process both facially and as applied.

**Defendants' Claims:**  Plaintiffs in the instant matter are pre-trial criminal defendants who are ordered to Eastern Louisiana Mental Health System ("ELMHS") for short periods of time for the sole purpose of attempting to restore their competency so that criminal proceedings against them in state courts can resume.  Upon completion of this restoration process, Incompetency individuals are either: 1) restored and returned to a jail setting for the completion of their criminal proceedings; or 2) found incompetent to proceed, in which case the hospital must either institute civil commitment proceedings within ten (10) days if it is determined they are a danger to themselves or others, or the Incompetency individual must be released from all custody and confinement back into the community.

Pursuant to La. C.Cr.P. art. 648, Defendants in the instant matter do not become involved in the competency determination process until after a contradictory hearing is held and the criminal defendant has been found incompetent to proceed to trial.  The issues presented in the instant complaint were previously litigated in *Advocacy Center for the Elderly and Disabled v. Louisiana Department of Health and Hospitals*, Civil Action No.10-1088 (E.D. La.), filed by Plaintiff Advocacy Center on April 10, 2010.  In addition, since the filing of the complaint in this matter, the named plaintiff Monica Jackson has been admitted to ELMHS.  Plaintiffs are barred from bringing suit herein pursuant to the doctrines of res judicata and collateral estoppel as this matter has been previously litigated.

## C.    PENDING MOTIONS

List any pending motions, the date filed, and the basis of the motion(s).

**Plaintiffs:**

**Plaintiffs' Motion for Separate Trials pursuant to FRCP Rule 42**:

In order to speed potential relief for Plaintiffs while employing judicial resources as efficiently as possible, Plaintiffs have filed a Motion for Separate hearings on the consolidated cases.  Plaintiffs' request that that two or possibly three hearings be scheduled for the consolidated cases.

### Cooper v. Gee

The first trial in <u>Cooper v. Gee</u> is scheduled for August 1, 2016.  In that trial, Plaintiffs request that this Court consider evidence regarding the delays in placement to ELMHS of NGRI Acquittees and whether the failure to place such individuals at ELMHS in a timely manner violates the Due Process Clause, the ADA, and/or Section 504 of the Rehabilitation Act.  If such violations are found, Plaintiffs request that this Court provide the NGRI Acquittees with interim equitable relief pending a trial on the merits of Plaintiffs' claims in <u>Advocacy Center v. Gee</u>.

**Advocacy Center and Jackson v. Gee**

Plaintiffs request that this Court schedule an additional hearing or trial pursuant to Rule 42 to consider evidence regarding the delays in placing Incompetent Detainees at ELMHS and whether the failure to place such individuals in a timely manner violates the Due Process Clause, the ADA, and/or Section 504 of the Rehabilitation Act. To the extent relevant in making a decision on liability in the second hearing, this Court should consider evidence presented in the trial in Cooper v. Gee.

**Decisions on Remedy**

Plaintiffs propose that this Court may enter an interim order for injunctive relief at the conclusion of the hearing on the merits of Cooper v. Gee. Should this Court find that Incompetent Detainees of Advocacy Center v. Gee are entitled to Permanent Injunctive Relief under Fed. R. Civ. P. 65, the Court should enter an order for permanent injunction at the conclusion of this second hearing that provides for prompt mental health placement and treatment for both Incompetent Detainees and those found NGRI. In the alternative, this Court could schedule additional proceedings for the purpose of determining appropriate permanent injunctive relief.

**Defendants:**

*Motion to Dismiss* under Rules 12(b)(1), 12(b)(3), 12(b)(6), and 12(b)(7) for Lack of Subject-Matter Jurisdiction, Improper Venue, Failure to State a Claim upon Which Relief Can Be Granted, and Failure to Join a Party under Rule 19, filed on December 22, 2015 in *Advocacy Center et al. vs. Kliebert et al.*, Civil Action No. 3:15-cv-00751-SDD-RLB. This Court lacks subject matter jurisdiction over that matter because the Advocacy Center lacks standing as an associational plaintiff. Defendants further aver that venue for that matter is improper in the Middle District of Louisiana and are of the position that the proper venue for the matter is the court most familiar with the facts and law at issue, that is, the Eastern District of Louisiana. Additionally, Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs assert vague Fourteenth Amendment Due Process Clause, American Disabilities Act, and Section 504 constitutional violation arguments as their cause of action, but do not provide in specificity any grounds of unconstitutionality. Defendants moreover aver that the issues that the Plaintiffs present in their complaint were previously litigated in *Advocacy Center for the Elderly and Disabled v. Louisiana Department of Health and Hospitals*, Civil Action No. 10-1088 (E.D. La.), and thus, the Plaintiffs are barred from bringing suit pursuant to the doctrines of res judicata and collateral estoppel. Lastly, Plaintiffs have failed to join the proper party under Rule 19 to challenge grounds of Louisiana constitutionality of a statute.

In addition, Defendants intend to file a Memorandum in Opposition to Plaintiffs' *Motion for Separate Trials in Consolidated Cases*, Doc. No. 154 in *Cooper et al. vs. Kliebert et al.*, Civil Action No. 3:14-cv-00507-SDD-RLB, by the deadline set in the Briefing Schedule by the Court.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**Plaintiffs:**

1.    Defendants' policies, practices, and procedures of maintaining a waitlist for placement at East Louisiana Mental Health System (ELMHS) cause Plaintiffs to remain incarcerated in correctional facilities in Louisiana for months at a time following a court order remanding them for competency restoration.  Does Defendants' delay in admitting incompetent detainees to ELMHS violate Plaintiffs' rights under the Due Process Clause of the Fourteenth and Fifth Amendments, Section 504 of the Rehabilitations Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12132?

2.    Are Plaintiffs entitled to declaratory and injunctive relief, and, if so, what is the nature of the injunctive relief that should be ordered?

3.    Are Plaintiffs entitled to reasonable attorney's fees?

**Defendants:**

1.    Whether Defendants' policies, practices, and procedures for the admission to East Louisiana Mental Health System (ELMHS) of criminal defendants found incompetent to stand trial are a violation of their rights under the Due Process Clause to the United States Constitution, Section 504 of the Rehabilitations Act, 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

2.    Whether Plaintiff Advocacy Center has standing to bring this action as an associational plaintiff.

3.    Whether Plaintiffs are entitled to declaratory and injunctive relief.

4.    Whether Plaintiffs are entitled to reasonable attorney's fees.

**E.    DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.    Plaintiff's calculation of damages:  Plaintiffs do not seek damages.

2.    Defendant's calculation of offset and/or plaintiff's damages: N/A

3.  Counterclaimant/cross claimant/third party's calculation of damages: N/A

**F.    SERVICE**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

**Plaintiffs:**  None.

**Defendants:**  All originally named Defendants have been served.  Defendants aver that venue is improper in the Middle District of Louisiana and are of the position that the proper venue for the instant matter is the court most familiar with the facts and law at issue, that is, the Eastern District of Louisiana.

**G.    DISCOVERY**

1.  Have the initial disclosures required under FRCP 26(a)(1) been completed?
    [ ] YES        [**X**] NO

    a.  Do any parties object to initial disclosures?
        [ ] YES        [**X**] NO

    For any party who answered yes, please explain your reasons for objecting:

    b.  Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures:

        None at this time.

2.  Briefly describe any discovery that has been completed or is in progress:

    **Plaintiffs:**  Discovery is complete in <u>Cooper v. Gee</u>, with the exception of discovery regarding Defendants' expert witness.[2]  Due to the similar factual circumstances, much of the discovery necessary for <u>Advocacy Center v. Gee</u> has already been completed.  Limited additional fact discovery, however, will be needed from Defendants regarding policies and procedures applicable specifically to incompetent detainees.

    **Defendants:**  Fact discovery is essentially complete in *Cooper et al. vs. Kliebert et al.*, Civil Action No. 3:14-cv-00507-SDD-RLB; however, expert discovery in that matter is still at issue and is ongoing.  Discovery in the instant matter, *Advocacy Center et al. vs. Kliebert et al.*, Civil Action No. 3:15-cv-00751-SDD-RLB, has not yet substantively commenced.  Moreover, discovery in the instant matter concerns completely different facts for individuals who are part of a completely different criminal process.

3.  Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example, are there any confidential

---

[2] Discovery of Defendants' expert in <u>Cooper v. Gee</u> is to be completed by March 7, 2016.

business records or medical records that will be sought?  Will information that is otherwise privileged be at issue?)

**Plaintiffs:**  Discovery may include the medical records of incompetent detainees from their treatment in parish jails and at ELMHS.  Discovery may also involve a tour by Plaintiffs' expert of a number of Parish jails.

**Defendants:**  Defendants will request a protective order in this matter due to the type of information sought by plaintiff in discovery.  Medical records will constitute at least a portion of discovery.

4. Discovery from Experts:

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiffs:**  The nature of Plaintiffs' mental illness, the conditions they are subjected to in jails, and the availability of mental health treatment in prison facilities.

**By Defendants:**  The nature of Plaintiffs' mental illness, the conditions they are subjected to in jail, and the availability and efficacy of mental health treatment in prison facilities.

## H.  PROPOSED SCHEDULING ORDER

1. If the parties propose an alternative timeframe for exchanging initial disclosures, required by FRCP 26(a)(1), please provide that proposed deadline:

**Plaintiffs:**  March 9, 2016.

**Defendants:**  March 9, 2016.

2. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:

**Plaintiffs:**  April 1, 2016.
**Defendants:**  March 1, 2016.

3. Filing all discovery motions and completing all discovery except experts:

**Plaintiffs:**  June 1, 2016.

**Defendants:**  September 1, 2016.

4. Disclosure of identities and resumes of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

**Plaintiffs:**  March 1, 2016.

**Defendants:**  May 1, 2016.

5.  Exchange of expert reports:

**Plaintiffs:**  June 1, 2016.

**Defendants:**  November 1, 2016.

6.  Completion of discovery from experts:

**Plaintiffs:**  August 15, 2016.

**Defendants:**  December 15, 2016.

7.  Filing dispositive motions and *Daubert* motions:

**Plaintiffs:**  September 15, 2016.

**Defendants:**  January 15, 2017.

8.  All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.  The deadlines will be determined based on the presiding judge's schedule, within the following general parameters:

a.  Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

b.  Deadline to file motions *in limine* (approximately 20-22 weeks after dispositive motion deadline).

c.  Deadline to file responses to motions *in limine* (approximately 22-24 weeks after dispositive motion deadline).

d.  Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

e.  Deadline to submit joint jury instructions, *voir dire*, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

f.  Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

g.  Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.     TRIAL**

1.     Has a demand for trial by jury been made?
[ ] YES          [**X**] NO

2.     Estimate the number of days that trial will require:

**Plaintiffs:**  3 days.

**Defendants:**  3 days.

**J.     OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?
[**X**] YES          [ ] NO

1.     If the answer is *yes*, please explain:

**Plaintiffs:**  Plaintiffs' motion for separate trials and the affect that the Court's consolidation order has upon the each of the consolidated cases.

**Defendants:**   The effect of the Court's Order of Consolidation upon the deadlines set in *Cooper et al. vs. Kliebert et al.*, Civil Action No. 3:14-cv-00507-SDD-RLB, in light of the posture of the consolidated matter, *Advocacy Center et al. vs. Kliebert et al.*, Civil Action No. 3:15-cv-00751-SDD-RLB.

2.     If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

**CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.**
[ ] YES          [**X**] NO

**K.     SETTLEMENT**

1.     Please set forth what efforts, if any, the parties have made to settle this case to date:

The parties have not discussed settlement in this case.

2.     Do the parties wish to have a settlement conference:
[**X**] YES[3]          [ ] NO

---

[3] Plaintiffs are agreeable to settlement negotiations, but only if the counsel for the Defendants has the authority to commit sufficient financial resources to ensure that both NGRI Acquittees and Incompetent

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial?

**Plaintiffs:** Anytime.

**Defendants:** Upon the completion of all discovery in the instant matter, including expert discovery.

## L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:
[ ] YES          [**X**] NO

Respectfully submitted on the 19th day of February, 2016,

**For the Plaintiffs:**

/s/ Ronald K. Lospennato
RONALD K. LOSPENNATO, La. Bar Roll No. 32191
NELL HAHN, La. Bar Roll No. 22406
KATHRYN E. FERNANDEZ, La. Bar Roll No. 33829
Advocacy Center
8325 Oak Street
New Orleans, LA 70118
(504) 208-4679 (p)
(504) 335-2890 (f)
rlospennato@advocacyla.org
nhahn@advocacyla.org
kfernandez@advocacyla.org

*AND*

/s/Katie M. Schwartzmann
KATIE M. SCHWARTZMANN, La. Bar Roll No. 30295
ERIC A. FOLEY, La. Bar Roll No. 34199

---

Detainees that need placement at ELMHS are placed there within a very short period of time following the termination of their criminal proceedings.

Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Avenue
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
katie.schwartzmann@macarthurjustice.org
eric.foley@macarthurjustice.org


**For the Defendants:**


NEAL ELLIOTT, La. Bar Roll No. 24084
KIMBERLY SULLIVAN, La. Bar Roll No. 27540
JENNA GERMANY YOUNG, La. Bar Roll No. 25942
STEPHANIE BORGHARDT, La. Bar Roll No. 33465
RYAN ROMERO, La. Bar Roll No. 35987
Louisiana Department of Health and Hospitals
Bureau of Legal Services
628 North 4th Street (70802)
P.O. Box 3836
Baton Rouge, Louisiana 70821-3836
(225) 342-1128 (Telephone)
(225) 342-2232 (Facsimile)
neal.elliott@la.gov
kimberly.sullivan@la.gov
jenna.young@la.gov
stephanie.borghardt@la.gov
ryan.romero@la.gov