## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON COOPER, LOUIS DAVINPORT, RON GATLIN, KENNY SWATT, STEPHEN ZERINGUE, WILLIAM PITZER, and TYRIN PERKINS, on behalf of themselves and all other similarly situated individuals,<br><br>    PLAINTIFFS,<br><br>VS.<br><br>KATHY KLIEBERT, Secretary of the Louisiana Department of Health and Hospitals, in her official capacity; and the LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS,<br><br>    DEFENDANTS, | CIVIL ACTION<br><br>NO. 3:14-cv-00507-SDD-RLB<br><br>JUDGE DICK<br><br>MAGISTRATE JUDGE BOURGEOIS |

*Consolidated with*

| | |
|---|---|
| ADVOCACY CENTER and MONICA JACKSON,<br><br>    PLAINTIFFS,<br><br>VS.<br><br>KATHY KLIEBERT[1], Secretary of the Louisiana Department of Health and Hospitals, in her official capacity; and the LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS,<br><br>    DEFENDANTS | CIVIL ACTION<br><br>NO. 3:15-cv-00751-SDD-RLB<br><br>JUDGE DICK<br><br>MAGISTRATE JUDGE BOURGEOIS |

---

[1] In their *Joint Status Report* (Rec. Doc. 32 in 15cv751) the Parties note that Dr. Rebekah Gee has replaced Kathy Kliebert as Secretary of the Department of Health and Hospitals ("DHH").

1

**RULING**

Plaintiffs in these consolidated matters move to exclude expert opinion testimony of defense Psychiatrist Harold M. Ginzburg, M.D.[2] The Motion is opposed.[3]

## I.     PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs in these consolidated matters seek injunctive and declaratory relief alleging violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Title II of the Americans with Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

### A.  The *Cooper* case

Plaintiffs in Civil Action 3:14-cv-00507 ("Cooper case") are persons who have been acquitted of criminal charges, having been found Not Guilty by Reason of Insanity ("NGBRI"). Once adjudicated NGBRI, these individuals are either ordered to an inpatient facility[4] or released to the community.[5] The Cooper Plaintiffs allege that DHH has and continues to delay admitting NGBRI acquitees to East Louisiana Mental Health System ("ELMHS") and that DHH's failure to place NGBRI acquitees at ELMHS in a timely manner violates the Due Process Clause, the ADA, and/or Section 504 of the Rehabilitation Act.

### B.  The *Jackson* Case

Plaintiffs in Civil Action 3:15-cv-00751 ("Jackson case") are pre-trial criminal detainees who have been judicially determined incompetent to stand trial and ordered to

---

[2] Rec. Doc. 167.
[3] Rec. Doc. 178.
[4] East Louisiana Mental Health System (ELMHS) a/k/a Feliciana Forensic Facility, which is administered and operated by DHH, is the State's only mental health facility.
[5] Louisiana Code of Criminal Procedure Art. 654.

2

undergo restorative mental health protocols for the sole purpose of attempting to restore their competency so that criminal proceedings against them in state courts can resume.[6] The Jackson Plaintiffs allege that DHH is likewise failing to admit pretrial detainees to ELMHS in a timely manner for competency restoration in violation of Plaintiffs' rights to Due Process under the Fourteenth and Fifth Amendments and to protection from discrimination under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act.

Plaintiffs seek injunctive relief requiring that all NGBRI detainees, and pretrial detainees remanded to ELMHS for competency restoration, be admitted to ELMHS within seven days of the district court's order that they be placed at ELMHS. Plaintiffs also seek an order declaring Defendants' policies, practices, and procedures in delaying admission to ELMHS to be violations of Due Process and the anti-discrimination provisions of the ADA and § 504. Furthermore, Plaintiffs seek an order declaring that Louisiana Code of Criminal Procedure article 648(A)(2)(b)–(c) violates Due Process both facially and as applied.

## II. ANALYSIS

Defendants timely designated Dr. Harold M. Ginzburg, a licensed psychiatrist, as a rebuttal expert to give opinion testimony "on the issue of whether the key element of psychiatric care, of controlling inappropriate behaviors with appropriate psychotropic medication, is being provided while an individual awaits transfer to ELMHS or other appropriate placement."[7] Defendants point out that Dr. Ginzburg's focus was "on NGBRI acquitees awaiting placement at ELMHS" and that Dr. Ginzburg was not engaged to opine

---

[6] Louisiana Code of Criminal Procedure Art. 648(A)(2).
[7] Rec. Doc. 178-2, p. 35.

3

as to the psychiatric "care for those [detainees] being held pending competency examinations".[8]  Hence, the Court analyzes the propriety of Dr. Ginzburg's proposed opinion testimony only as pertaining to NGBRI acquitees awaiting placement at ELMHS.

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

A district court has considerable discretion to admit or exclude expert testimony under Rule 702.[9] The Court starts with the principle that the jury is the proper "arbiter of disputes between conflicting opinions."[10]

### A.  Dr. Ginzburg's Qualifications

Plaintiffs assert that Dr. Ginzburg is not qualified by knowledge, skill, experience, or training to offer opinion testimony in this matter. The Court finds that Dr. Ginzburg is well qualified by education to give expert opinion testimony in the field of Psychiatry. Dr. Ginzburg is a board certified psychiatrist, licensed in Louisiana, Mississippi, and Oklahoma. Dr. Ginzburg received his M.D. from the Boston University School of Medicine in May of 1968 and completed his fellowship in psychiatry at Johns Hopkins University in 1974. He also earned a Master's in Public Health from Johns Hopkins School of Hygiene

---

[8] Rec. Doc. 178, p. 7.
[9] *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 138–39, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 371 (5th Cir. 2000).
[10] *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir.1987)).

and Public Health in 1974. Dr. Ginzburg was a Fellow of the American Psychiatric Association from 1990 to 2003, and he is a Distinguished Life Fellow of the American Psychiatric Association.[11]

Dr. Ginzburg's experience includes working in private practice since 1993, preceded by employment as a psychiatrist at the National Institute on Drug Abuse, the Health Resources and Services Administration, and the United States Public Health Service.[12]  While Dr. Ginzburg has not directed psychiatric services in a correctional setting or published research on the topic, the Court, nonetheless, finds Dr. Ginzburg qualified by experience in the field psychiatry to provide expert opinion testimony in the field.

### B.  Reliability and Relevance

The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence.[13] The reliability inquiry requires the Court to assess whether the reasoning or methodology underlying the expert's testimony is valid.[14] The aim is to exclude expert testimony based merely on subjective belief or unsupported speculation.[15]

Plaintiffs argue that Dr. Ginzburg's opinions are mere speculation and the product of flawed methodology. Plaintiffs maintain that Dr. Ginzburg cannot reliably opine that detainees awaiting placement at ELMHS are receiving "appropriate psychotropic

---

[11] Rec. Doc. 178-2.
[12] *Id.*
[13] *Moore v. Ashland Chem., Inc.,* 151 F.3d 269, 276 (5th Cir.1998).
[14] *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 592-93, 113 S.Ct. 2786, 125 L.Ed. 2d 469 (1993).
[15] *Id.* at 590, 113 S.Ct. 2786.

medication" which, according to Dr. Ginzburg, is "the key element of psychiatric care",[16] because Dr. Ginzburg did not review all of the NGBRI detainees' psychiatric records.[17]

According to his report, Dr. Ginzburg reviewed medical treatment records of 14 detainees, 8 of whom are NGBRI acquitees being held in 8 different corrections facilities.[18] Hence, the question before the Court is whether analyzing the psychiatric treatment of 14 incarcerated persons is a reliable method from which to draw the conclusion that: (a) NGBRI acquitees are receiving psychotropic medication while they remain incarcerated awaiting transfer to ELMHS and (b) these psychotropic medications "control inappropriate behaviors" thus fulfilling "the key element of psychiatric care".

Notably, Dr. Ginzburg did not review the medical records of 4 of the 10 named Plaintiffs in the Cooper case. Hence, Dr. Ginzburg cannot opine with certainty that all NGBRI detainees are treated with psychotropic medications. The assumption that the sample of medical records reviewed by Dr. Ginzburg translates to the entire NGBRI detainees population can be adequately tested on cross-examination. The Court's role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system.[19] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility and should be left for the jury's consideration."[20]

---

[16] Rec. Doc. 178-2, p. 35.
[17] Plaintiffs argue that Ginzburg did not review any records regarding four of the ten named NGBRI Plaintiffs in the Cooper case and did not review any medical records of five other individuals, referred to in Dr. Dvoskin's report, detained in parish jails, awaiting placement at ELMHS.
[18] Dana Pluckett (Beauregard), Calvin Bandiera (Bossier), Brandon Shilling (East Feliciana), Tyrone Robinson (Ouachita), Floyd Holiday (Richland), Charles Joseph (St. John), Raymond Forest (St. John), and Richard Beattie (West Feliciana). Rec. Doc. 178-2.
[19] *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011).
[20] *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir.1987)).

Plaintiffs also challenge the reliability of Dr. Ginzburg's opinion that psychotropic medication is "the key element of psychiatric care" in that it "controls inappropriate behaviors." Plaintiffs argue that this opinion is not supported by data, studies, scholarly writing, or clinical experience.[21] In what appears to be support for this opinion, Dr. Ginzburg refers to a publication by the American Psychiatric Association ("APA") relied upon by Plaintiff's expert, Dr. Dvoskin.[22] According to the APA, "[d]iagnostic evaluation and prescription of psychotropic medications are frequently the most significant mental health treatment interventions for inmates with [serious mental illness]".[23] The APA monograph[24] cited and relied upon by both experts provides fertile ground for rigorous cross examination on the conclusions and opinions reached by Dr. Ginzburg. Accordingly, the Court declines to exclude Dr. Ginzburg and, instead, will leave the validity of the bases and underpinnings of Dr. Ginzburg's opinions to the able skill of counsel on cross-examination.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's *Motion in Limine*[25] to exclude Dr. Ginzburg is DENIED.

Signed in Baton Rouge, Louisiana on <u>July 15, 2016</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] Rec. Doc. 183, p. 4.
[22] *Psychiatric Services in Correctional Facilities.* Rec. Doc. 178-2.
[23] Rec. Doc. 178-2, p. 5.
[24] Note 21, *supra.*
[25] Rec. Doc. 167.

7