UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON COOPER, et al., | * |
| Plaintiffs | * CIVIL ACTION NO. 3:14-00507-SDD- RLB |
| v. | * CHIEF JUDGE DICK |
| COURTNEY N. PHILLIPS, et al., | * MAGISTRATE JUDGE BOURGEOIS |
| Defendants | * |
| *Consolidated with* | * |
| ADVOCACY CENTER and MONICA JACKSON, | * |
| Plaintiffs | * CIVIL ACTION NO. 3:15-00751-SDD-RLB |
| | * CHIEF JUDGE DICK |
| v. | * MAGISTRATE JUDGE BOURGEOIS |
| COURTNEY N. PHILLIPS, et al., | * |
| Defendants. | * |

UNOPPOSED MOTION FOR CONTINUED
REPORTING AND JURISDICTION OVER THE SETTLEMENT AGREEMENT AND
NOTICE OF NEGOTIATIONS RELATED TO A SUPPLEMENTAL AGREEMENT

NOW INTO COURT, by and through undersigned counsel, comes Plaintiff Disability Rights Louisiana (DRLA)[1] and consolidated Plaintiffs, Brandon Cooper, Louis Davenport, Ron Gatlin, Kenny Swatt, Stephen Zeringue, William Pitzer, Monica Jackson, Tyrin Perkins, Dominick Perniciaro, III, Scott Frye, and Ryan Kazemi (a.k.a. Ryan Kasami).[2] Plaintiff DRLA is a private,

---

[1] Formerly the Advocacy Center.
[2] These individuals are consolidated plaintiffs, see ECF No. 65 and ECF No. 150, who were either found incompetent to proceed or NGRI and were awaiting mental health care treatment placement at the time of filing. These individual plaintiffs' criminal cases do not remain in the same procedural posture as they were at the time of

federally funded, non-profit corporation, designated by Louisiana to serve as the State's protection and advocacy system for persons with disabilities and is a party in the instant consolidated case as an associational plaintiff.

In support of their motion, Plaintiffs state as follows:

1. On November 16, 2016, this Court signed a Settlement Agreement[3] to resolve the consolidated actions alleging that Defendants Rebekah Gee[4] and Louisiana Department of Health (LDH)[5] were failing to promptly provide requisite mental health placements for people found incompetent to stand trial (hereinafter "incompetent") or people found not guilty by reason of insanity (hereinafter "NGRI").

2. This Court "retain[s] jurisdiction to enforce this Settlement Agreement until this matter is dismissed after four (4) continuous years of Defendants' substantial compliance with this Settlement Agreement."[6]

3. The parties agree that Defendants have been unable to maintain substantial compliance with the Settlement Agreement including providing BHAs and placements of incompetent and NGRI individuals within the timelines required by Paragraphs 6, 8 and 9 of the Settlement Agreement due to the ongoing COVID-19 pandemic.[7]

---

filing, but as plaintiffs with standing at the time of entry of the Settlement Agreement, they continue as plaintiffs in efforts to enforce and maintain the terms of the Settlement Agreement.
[3] ECF No. 200.
[4] Rule 25(d) of the Federal Rules of Civil Procedure provides for the automatic substitution of a public officer's successor "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Accordingly, Dr. Courtney N. Phillips, who is serving as the successor Secretary of the Louisiana Department of Health since April 2020, is automatically substituted for Dr. Rebekah Gee in the caption.
[5] Formerly Louisiana Department of Health and Hospitals.
[6] ECF No. 200 at 18, Para. 50.
[7] ECF No. 200 at 7–8.

4. The parties also agree that the COVID-19 pandemic was and remains the major driver of recent failure to maintain substantial compliance with the Settlement Agreement, making previous systems of patient evaluation and treatment of people found incompetent and NGRI dangerously impractical and causing significant increases to the wait list of individuals awaiting transfer to a mental health placement.

5. While admissions to ELMHS were frozen, the number of people found incompetent or NGRI remaining in jails awaiting treatment placements expanded drastically, as a result. ELMHS reported that admissions began again in August 2020, though on a limited basis and based on guidance from the Centers for Disease Control and the Louisiana Office of Public Health. Despite the resumption of admissions to ELMHS, the wait list remains extensive.

6. Plaintiffs are not and have never advocated for LDH to abandon testing and distancing measures in favor of clearing and preventing treatment wait lists. However, new procedures must be developed, including determining mechanisms for providing treatment to people found incompetent and people found NGRI in safer non-congregate settings and detailed protocols for providing treatment during peaks of the pandemic. Additionally, in order to come into compliance with the Settlement Agreement, LDH must develop detailed protocols with local jails for how to determine the acuity of people found incompetent and people found NGRI, and provide timely non-jail based treatment based on the level of acuity.

7. Given the current wait lists and continued difficulties in providing Behavioral Health Assessments (BHA) to determine the acuity of an individual's mental health need, LDH

has not been in substantial compliance with the provisions of the Settlement Agreement since March 2020 due to the COVID-19 pandemic.

8. Because Defendants have been unable to maintain substantial compliance due to the current unprecedented COVID-19 health crisis, the parties agree that the reporting provisions of the Settlement Agreement and this Court's jurisdiction should not terminate on November 16, 2020.

9. Because the parties agree that Defendants have been unable to maintain substantial compliance with the Settlement Agreement due to the COVID-19 pandemic, rather than involve the Court in contentious litigation, the parties are continuing negotiations to reach an agreement to supplement the Settlement Agreement. The parties anticipate that this supplemental agreement will outline immediate steps that LDH can take towards achieving substantial compliance with the Settlement Agreement in light of the unprecedented conditions created by COVID-19.

WHEREFORE, Plaintiffs request that this Court continue the reporting provisions and the Court's jurisdiction over the enforcement of the original Settlement Agreement beyond November 16, 2020, until such time an agreement may be reached by the parties or negotiations reach an impasse requiring the intervention of the Court.

Respectfully Submitted,

/s/ Ronald Lospennato

Ronald K. Lospennato, Bar No. 32191
Evelyn Chuang, Bar No. 38993*
Disability Rights Louisiana (formerly known as the Advocacy Center)
8325 Oak Street
New Orleans, LA 70118
Ph: 504-208-4679
Fax: 504-335-2890
rlospennato@disabilityrightsla.org
echuang@disabilityrightsla.org

/s/ Eric Foley

Eric Foley, Bar No. 34199
Elizabeth Cumming, Bar No. 31685*
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Ph: 504-620-2259
Fax: 504-208-3133
Eric.Foley@macarthurjustice.org
Elizabeth.cumming@macarthurjustice.org

*Counsel for Plaintiffs.*

*Motions to enroll pending at ECF Nos. 206, 207.