UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON COOPER, et al.,** On Behalf of Themselves and All Other Similarly Situated Individuals<br><br>**VERSUS**<br><br>**COURTNEY N. PHILLIPS,** Secretary of The Louisiana Department of Health and Hospitals, in her official capacity, and the **DEPARTMENT OF HEALTH AND HOSPITALS** | **CIVIL ACTION**<br><br>**NO. 14-507-SDD-RLB**<br><br>**Consolidated with**<br>**NO. 15-751-SDD-RLB**<br><br>**Pertains to both cases** |

## **ORDER**

Before the Court is Plaintiffs' Motion for Expedited Response to Discovery filed on October 4, 2021. (R. Doc. 227). The deadline for filing an opposition has not expired LR 7(f).

On June 12, 2021, Plaintiffs filed a Motion to Reopen Discovery and Rule to Show Cause Why Defendants Should Not be Held in Contempt. (R. Doc. 217). Plaintiffs did not seek expedited consideration of their motion.

On September 27, 2021, the Court granted Plaintiffs' motion to the extent it sought post-judgment discovery on Defendants' purported non-compliance with a court-authorized Settlement Agreement, and set a discovery deadline to complete all post-judgment discovery by December 1, 2021. (R. Doc. 226). The Court specifically encouraged the parties "to continue the negotiation of a reasonable and appropriate modification of the Settlement Agreement in light of the COVID-19 pandemic" and informed Plaintiffs that, if warranted, they "may renew their request to find Defendants in contempt after the close of post-judgment discovery." (R. Doc. 226 at 1).

On October 4, 2021, Plaintiffs filed the instant motion, which informs the Court that Plaintiffs concurrently served Interrogatories (R. Doc. 227-2) and Requests for Production (R. Doc. 227-3) on Defendants. Plaintiffs seek an order requiring Defendants to provide responses within 15 days of service of the written discovery (*i.e.*, October 19, 2021) under Rule 33(b)(2) and Rule 34(b)(2)(A) of the Federal Rules of Civil Procedure. Plaintiffs assert that an expedited deadline to respond to written discovery is merited because the information sought is readily available to Defendants and Plaintiffs continue to be harmed by Defendants' purported non-compliance with the Settlement Agreement.

The default deadline to serve responses to interrogatories and requests for production is 30 days after the date of service, but "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs do not represent that they made any attempt to stipulate to a shorter time under Rule 29.

The Court will not grant the relief sought by Plaintiffs. Based on a review of the discovery requests at issue and the status of this matter, an order for shorter response time is not warranted.

Furthermore, Plaintiffs' manner of raising this issue (which does not appear to involve any attempt to stipulate about discovery procedures under Rule 29) does not provide sufficient time for the Court to consider any opposition by Defendants. *See* LR 7(f).

As stated before, the parties have until December 1, 2021 to complete post-judgment discovery. Defendants' responses to Plaintiffs' interrogatories and requests for production are due on November 3, 2021, well within the deadline to complete post-judgement discovery set by the Court. If the parties are not inclined to resolve their dispute through the negotiation of a reasonable and appropriate modification of the Settlement Agreement in light of the COVID-19

pandemic, as suggested by the Court's ruling, then they must abide by the Court's post-judgment discovery deadline. Plaintiffs have not established good cause to modify that deadline.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Expedited Response to Discovery (R. Doc. 227) is **DENIED**. The parties shall complete all discovery in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Signed in Baton Rouge, Louisiana, on October 13, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**