UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON COOPER, et al.,** | * |
| Plaintiffs | * CIVIL ACTION NO. 3:14-00507-SDD-RLB |
| v. | * JUDGE DICK |
| **STEPHEN RUSSO, et al.,** | * MAGISTRATE JUDGE BOURGEOIS |
| Defendants | * |
| *Consolidated with* | * |
| **ADVOCACY CENTER and MONICA JACKSON,** | * |
| Plaintiffs | * CIVIL ACTION NO. 3:15-00751-SDD-RLB |
| v. | * JUDGE DICK |
| **STEPHEN RUSSO, et al.,** | * MAGISTRATE JUDGE BOURGEOIS |
| Defendants. | * |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT
ENFORCING FEE PROVISION OF SUPPLEMENTAL STIPULATED ORDER**

Plaintiff Disability Rights Louisiana submits this memorandum in support of its motion for entry of a money judgment against the Defendants, who have failed to comply with a provision of the Supplemental Stipulated Order, approved by the Court on May 2, 2023 (Rec. Doc. 240), that required payment of the fees and costs that Plaintiffs' counsel incurred in working toward obtaining Defendants' compliance with the parties' settlement. As explained below, the amount of the fees and costs is undisputed and has been due and owing since July 1, 2023. Plaintiffs' counsel's attempts to obtain payment without seeking court involvement have been unsuccessful,

and Plaintiffs reluctantly move for entry of a money judgment against Defendants for the amount due, plus interest.

## I.     Background

The underlying litigation involves consolidated actions that challenged Defendants' failure to provide requisite mental health placements for criminal defendants who have been found incompetent to stand trial by a state court or for people who are found not guilty by reason of insanity.  On November 16, 2016, the parties in these cases entered into a settlement agreement.  Rec. Doc. 200.  That settlement provides for implementation of the following, *inter alia*: a procedure for coordinating with state criminal courts regarding orders related to incompetent and NGRI individuals; behavioral health assessments ("BHAs") conducted by a psychiatrist, licensed psychologist, or a district forensic coordinator ("DFC") within a specified timeframe; timelines for transferring incompetent and NGRI individuals from jail to a mental health placement; intake and post-admission procedures to ensure appropriate treatment placements; development of less restrictive placement options; and maintenance of lists and regular reporting to verify compliance.

During the COVID-19 pandemic, Defendants' compliance with the settlement deteriorated.  The parties have previously agreed that from March 2020 until April 2023, Defendants were unable to substantially comply with the settlement due to the effects of COVID-19.  Rec. Doc. 240 at 2.  Following some enforcement-related discovery and extensive negotiations, the parties jointly moved to amend and supplement the settlement agreement in April 2023 through entry of a Supplemental Stipulated Order, which provided additional provisions seeking to facilitate Defendants' compliance with the settlement.  Rec. Doc. 238.  The parties also requested that the Court modify the original settlement so that the Court will retain jurisdiction to enforce the settlement for a period of two years after Defendants have reached substantial compliance.  Rec.

Doc. 240 at 2. The Court approved the Supplemental Stipulated Order on May 2, 2023. Rec. Doc. 240.

The Supplemental Stipulated Order contains a provision as to the fees and costs borne by Plaintiffs' counsel. Section X of the Supplemental Stipulated Order provides that within 30 days of entry of the Supplemental Stipulated Order, Plaintiffs' counsel was to provide Defendants' counsel with an itemized accounting of attorneys' fees and costs incurred in connection with obtaining Defendants' compliance with the settlement. Rec Doc. 240 at ¶ 26. Within 30 days of receipt of the itemized accounting, Defendants were to provide a response that identified any item to which Defendants did not agree. *Id.*

Plaintiffs' counsel timely provided their itemized accounting on May 31, 2023. A copy is attached hereto as Exhibits A-1 and A-2, attached to the declaration of Eric Foley, Exhibit A. Plaintiffs' counsel—who consist of attorneys from two nonprofit organizations, Disability Rights Louisiana and the MacArthur Justice Center—requested recovery of $278,479 in fees and costs. Counsel supported the request with an itemized log detailing the time entries and costs. Ex. A-1.

Defendants did not object to any of the items in Plaintiffs' counsel's accounting. Ex. A at ¶ 3. In accordance with the timing provided in the Supplemental Stipulated Order, Defendants were required to raise an objection within 30 days of transmission of the accounting, or until the end of the day on June 30, 2023. Defendants did not raise any objection, and the amount due thus became fixed on July 1, 2023. Thus, Defendants are obligated to pay the full amount requested.

Despite the passage of more than six months since Plaintiffs' counsel submitted their request for payment, Defendants have neither paid the amount due nor identified a specific time when payment will be made. Plaintiffs' counsel has requested an update on the status of Defendants' processing the payment several times, and Defendants have stated that they needed

3

additional time for the State's Office of Risk Management to process the request, but they have not yet paid or provided a date certain when payment will be made. On December 14, 2023, Plaintiffs' counsel sent a letter again requesting an update. That letter also stated that if no payment was made by December 21, 2023, Plaintiffs intended to file this motion. Defendants have not responded to the letter, and Plaintiffs still have not received any information as to when payment will be made.[1]

## II.     Law and Argument

### A. The Court Has Ancillary Jurisdiction to Enforce the Settlement.

The Court has retained ancillary jurisdiction to enforce the parties' settlement. A court may expressly retain jurisdiction to enforce the parties' obligation to comply with the terms of a settlement agreement if that obligation has been made part of the order of dismissal, either through a provision expressly retaining jurisdiction or through incorporating the terms of a settlement into its dismissal order. *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (quoting *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994)). "When a settlement agreement is part of the order of dismissal, breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada, AFL-CIO Loc. 198*, No. CV 98-400-JWD-RLB, 2021 WL 1588989, at *2 (M.D. La. Apr. 19, 2021), *report and recommendation adopted*, 2021 WL 1948462 (M.D. La. May 14, 2021). Here, the terms of the settlement have been incorporated into this Court's orders, and the settlement expressly provides for the Court's continuing jurisdiction to enforce its terms. Thus, the Court has jurisdiction to

---

[1] If the Defendants pay the amount owed before the Court renders a decision on this motion, Plaintiffs' counsel will promptly notify the Court so that the motion may be deemed moot and/or withdrawn.

4

issue order that enforce the Defendants' obligations under the agreement. Thereafter, if necessary, the judgment may then be enforced through execution procedures authorized under Rule 69 of the Federal Rules of Civil Procedure.

### B. There Is No Dispute as to the Amount Due.

Defendants did not timely submit an objection to the Plaintiffs' request, and thus no dispute exists between the parties as to the amount due that the Court needs to resolve. The sole issue is that Defendants have simply not yet paid as the parties agreed in the Supplemental Stipulated Order. Plaintiffs' counsel requests entry of a judgment to enforce the terms of the Order.

### C. The Court Should Award Prejudgment Interest.

Plaintiffs further request that the Court award prejudgment interest at the judicial interest rate provided by Louisiana law on the amount due, commencing on July 1, 2023. The district court has great discretion in the absence of a statutory provision as to whether to award prejudgment interest. *Oil, Chem. & Atomic Workers Int'l Union, Loc. No. 4-447 v. Am. Cyanamid Co.*, 546 F.2d 1144, 1144 (5th Cir. 1977). Here, an award of prejudgment interest is warranted considering that the amount due became fixed on July 1, 2023, and due to the lengthy and unjustified delay in the Defendants' payment of their obligation.

**III.    Conclusion**

Plaintiff Disability Rights Louisiana therefore requests that the Court enforce the terms of the Supplemental Stipulated Order through entry of a money judgment in its favor and against Secretary Russo, in his official capacity, and the Louisiana Department of Health, in the amount of $278,479, plus interest accruing at Louisiana's judicial interest rate from July 1, 2023, until paid.

Date:  January 2, 2024

Respectfully submitted,

/s/ J. Dalton Courson
J. Dalton Courson, Bar No. 28542
Disability Rights Louisiana
8325 Oak Street
New Orleans, LA 70118
Ph: 504-522-2337 x 178
Fax: 504-335-2890
dcourson@disabilityrightsla.org

and

Eric Foley, Bar No. 34199
Elizabeth Cumming, Bar No. 31685
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
Ph: 504-620-2259
Fax: 504-208-2259
Eric.Foley@macarthurjustice.org
Elizabeth.Cumming@macarthurjustice.org